# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ANDREW DAVIS,<br><br>Petitioner,<br><br>v.<br><br>STEWARD SHERMAN,<br><br>Respondent. | Case No. 1:18-cv-01198-EPG-HC<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v.

Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It appears Petitioner filed a state petition for writ of habeas corpus in the Stanislaus County Superior Court and may have pursued relief in the California Court of Appeal. (ECF No. 1 at 4, 6).[1] Petitioner also states that he sought relief with "the Board" and the State of California Commission on Judicial Performance in addition to "seeking application to file with the Kings County Board of Supervisors." (Id. at 7, 8).

Although Petitioner has sought relief with various entities, it appears that Petitioner has not presented any of his claims to the California Supreme Court. It is possible, however, that Petitioner has presented his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why the petition should not be dismissed for failure to exhaust state court remedies within **THIRTY (30) days** from the date of service of this order.

///
///
///
///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **September 12, 2018**　　　　　/s/ *Erin P. Gros*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE