# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ANDREW DAVIS,<br><br>Petitioner,<br><br>v.<br><br>STEWARD SHERMAN,<br><br>Respondent. | Case No. 1:18-cv-01198-EPG-HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND SEND PETITIONER BLANK § 1983 COMPLAINT FORM** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition is unexhausted and appears to raise claims that are not cognizable in federal habeas corpus, the undersigned recommends that the petition be dismissed without prejudice.

**I.**

**BACKGROUND**

On August 17, 2018, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On September 5, 2018, the petition was transferred to this Court. (ECF No. 4). On September 13, 2018, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 7). In response to the order to show cause, Petitioner filed a motion for leave to amend correctable error pursuant to Federal Rule of Civil Procedure 15(a) on September 27, 2018. (ECF No. 9).

1

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It appears Petitioner filed a state petition for writ of habeas corpus in the Stanislaus County Superior Court and may have pursued relief in the California Court of Appeal. (ECF No. 1 at 4, 6).[1] Petitioner also states that he sought relief with "the Board" and the State of California Commission on Judicial Performance in addition to "seeking application to file with the Kings County Board of Supervisors." (Id. at 7, 8). Although Petitioner has sought relief with various entities, it appears that Petitioner has not presented any of his claims to the California Supreme Court.

In his response to the order to show cause, Petitioner states that he is "a mental health patient who must plead with numerous inmates who may have knowledge of the law" for assistance and prays for the Court to bear with his "inability to read and write effectively, and . . .

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

grant [the] motion to amend this correctable error." (ECF No. 9 at 1–2). The Court does not have the discretion to waive the exhaustion requirement for these reasons, including difficulty understanding the law. Petitioner has not established that he falls within one of the statutory exceptions to the exhaustion requirement or that his failure to exhaust available state remedies should be excused. See 28 U.S.C. § 2254(b)(1)(B) (A petitioner is excused from the exhaustion requirement if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ("An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."); Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir. 1993) (recognizing that exhaustion requirement may be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist" (quoting Granberry v. Greer, 481 U.S. 129, 134 (1987))).

As Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). Accordingly, the Court finds that dismissal is warranted for failure to exhaust state remedies.

**B. Failure to State Cognizable Federal Habeas Claim**

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has held that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or

earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." <u>Nettles</u>, 830 F.3d at 935 (quoting <u>Skinner</u>, 562 U.S. at 535 n.13).

In the instant petition, Petitioner appears to assert, *inter alia*, a claim of "wrongful incarceration beyond time for release." (ECF No. 1 at 8). Petitioner makes the following allegations in the petition:

> I was granted parole eligibility on Oct[ober] 17, 2016, to be released 60 days thereafter, but was transfered [*sic*] from Mule Creek Prison to CSATF Corcoran where the D.A. added charges, and the BPT representative Rhonda Dotta Skipper and Tara Doetzeh unjustly removed my parole eligibility from CDCRs SOM files and entered a denial.

(ECF No. 1 at 5). Attached to the petition is a CDC Form 128B, which indicates that Petitioner was eligible for the Nonviolent Parole Review Process and that Petitioner's Nonviolent Parole Eligible Date ("NPED"), the date Petitioner's case may be referred to the parole board for review and decision, was October 17, 2016. (ECF No. 1 at 42–43). Petitioner also attached a Board of Parole Hearings Nonviolent Decision Form, dated October 25, 2017, which denied release. (ECF No. 1 at 45–46).

To the extent Petitioner asserts that he was wrongly denied parole based on additional charges brought by the D.A. after his parole eligibility date or challenges the alleged removal of his parole eligibility, the Court finds that success on Petitioner's claims would not necessarily lead to a grant of parole. Under California law, the parole board must consider all relevant reliable information in determining suitability for parole and has the authority to deny parole on the basis of any grounds presently available to it. <u>Nettles</u>, 830 F.3d at 935. In its written decision denying parole, the board relied on Petitioner's 2013 commitment offense and his criminal history from 2006 to 2013. (ECF No. 1 at 45–46). As success on Petitioner's claims would not necessarily lead to his immediate or earlier release from confinement, these claims do not fall within "the core of habeas corpus," and thus, are not cognizable in federal habeas corpus. <u>See</u> <u>Nettles</u>, 830 F.3d at 935. Accordingly, Petitioner has failed to state cognizable claims for federal habeas corpus relief with respect to his claims challenging the denial of parole or the alleged

removal of parole eligibility.

This conclusion, however, does not preclude Petitioner from pursuing these claims in a properly filed civil action brought pursuant to 42 U.S.C. § 1983.[2]

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies and failure to state a cognizable claim for federal habeas relief.

The Court further DIRECTS the Clerk of Court to assign a district judge to this matter and send Petitioner a blank § 1983 complaint form.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 4, 2018**        /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936. The undersigned finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983.